IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE DISTRICT OF SOUTH CAROLINA
GREENVILLE DIVISION

| | | |
|---|---|---|
| Nolan Harold Belue, II, Plaintiff, | ) | Case No. 6:26-cv-01597-JDA |
| v. | ) | **OPINION AND ORDER** |
| Deputy David Gonzalez-Romero, Defendant. | ) | |

This matter is before the Court on Plaintiff's Complaint and a Report and Recommendation ("Report") of the Magistrate Judge. [Docs. 1; 9.] In accordance with 28 U.S.C. § 636(b) and Local Civil Rule 73.02(B)(2), D.S.C., this matter was referred to United States Magistrate Judge William S. Brown for pre-trial proceedings.

On April 16, 2026, the Clerk docketed Plaintiff's Complaint in this action brought pursuant to 42 U.S.C. § 1983. [Doc. 1.] On April 22, 2026, the Magistrate Judge issued a Report recommending that the action be dismissed without issuance and service of process and without leave to amend. [Doc. 9.] The Magistrate Judge advised Plaintiff of the procedures and requirements for filing objections to the Report and the serious consequences if he failed to do so. [*Id*. at 19.] The Clerk docketed objections from Plaintiff on May 4, 2026. [Doc. 11.]

## STANDARD OF REVIEW

The Magistrate Judge makes only a recommendation to this Court. The recommendation has no presumptive weight, and the responsibility to make a final determination remains with the Court. *See Mathews v. Weber*, 423 U.S. 261, 270–71 (1976). The Court is charged with making a de novo determination of any portion of the

Report of the Magistrate Judge to which a specific objection is made. The Court may accept, reject, or modify, in whole or in part, the recommendation made by the Magistrate Judge or recommit the matter to the Magistrate Judge with instructions. *See* 28 U.S.C. § 636(b). The Court will review the Report only for clear error in the absence of an objection. *See Diamond v. Colonial Life & Accident Ins.*, 416 F.3d 310, 315 (4th Cir. 2005) (stating that "in the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation" (internal quotation marks omitted)).

**ANALYSIS**

The Report explains several reasons why Plaintiff fails to adequately plead a claim and why, to the extent Plaintiff's claims are brought to challenge the charges pending against him or his present incarceration at the Greenville County Detention Center, his claims are barred by the *Younger* abstention doctrine. [Doc. 19 at 7–17.]

In his objections, Plaintiff states that he intended to bring a Fourteenth Amendment fabrication-of-evidence claim against Defendant; he did not intend to bring "neutral and detached," false arrest, false imprisonment, or malicious prosecution claims under the Fourth Amendment. [Doc. 11 at 1; *see also* Doc. 1 at 4.] As to his purported fabrication-of-evidence claim, Plaintiff states that Defendant provided a sworn statement in support of a warrant to arrest Plaintiff for attempted murder affirming that Plaintiff drove his vehicle "head on" into a marked deputy vehicle. [Doc. 11 at 1; *see also* Doc. 1-1 at 2.] To this end, Plaintiff claims that he "sent [pictures] of his truck after the wreck . . . to show he did not drive his truck into anything." [Doc. 11 at 1; *see also* Doc. 1-1 at 3–4.] Plaintiff further

alleges that, because of Defendant's fabricated statement, Plaintiff was incarcerated and "given no bond." [Doc. 11 at 2.] Plaintiff does not appear to object to the Report's conclusions regarding judicial immunity or *Younger* abstention. [*See generally id.*]

The Court overrules Plaintiff's objections. To the extent Plaintiff seeks injunctive relief, Plaintiff's fabrication-of-evidence claim is barred by the *Younger* abstention doctrine. [*See* Doc. 9 at 16–17.] And to the extent Plaintiff seeks monetary damages, "a fabrication of evidence claim can proceed only after a plaintiff's criminal proceedings have terminated in his favor." *Reeves v. Callison*, No. 6:26-1343-CMC-PJG, 2026 WL 1964311, at *2 (D.S.C. Apr. 28, 2026), *Report and Recommendation adopted by* 2026 WL 1963173 (D.S.C. July 7, 2026), *aff'd,* No. 26-6821, 2026 WL 2969879 (4th Cir. Oct. 2, 2026); *see also McDonough v. Smith,* 588 U.S. 109, 121 (2019) ("The proper approach in our federal system generally is for a criminal defendant who believes that the criminal proceedings against him rest on knowingly fabricated evidence to defend himself at trial and, if necessary, then to attack any resulting conviction through collateral review proceedings."). Because Plaintiff is still awaiting trial on his charges, his fabrication-of-evidence claim is premature.

## **CONCLUSION**

The Court has conducted a de novo review of the Report, the record, and the applicable law. Upon such review, the Court accepts the Report of the Magistrate Judge as modified and incorporates it by reference to the extent consistent with this Order. Accordingly, Plaintiff's Complaint is DISMISSED without prejudice, without issuance and service of process, and without leave to amend.

IT IS SO ORDERED.

s/ Jacquelyn D. Austin
United States District Judge

November 18, 2026
Greenville, South Carolina

**NOTICE OF RIGHT TO APPEAL**

Plaintiff is hereby notified of the right to appeal this order pursuant to Rules 3 and 4 of the Federal Rules of Appellate Procedure.